UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THOMAS E. AND RACHEL M. LOEHN | CIVIL ACTION |
| VERSUS | NO. 15-01088 |
| LUMBER LIQUIDATORS, INC., AND<br>LIBERTY MUTUAL INSURANCE COMPANY | SECTION "L" (5) |

## ORDER & REASONS

Before this Court is Defendant's Motion to Stay Pending MDL Determination. (Rec. Doc. 3). Having read the parties' briefs and reviewed the applicable law, the Court now issues this Order & Reasons.

### I.   BACKGROUND

On December 30, 2014, Plaintiffs Thomas and Rachel Loehn ("the Loehns") filed an action for redhibition and damages against Defendants Lumber Liquidators, Inc. and Liberty Mutual Insurance Company in Louisiana state court. (Rec. Doc. 1-3). The complaint alleges that Lumber Liquidators, Inc. ("LLI") recommended and sold to them an inappropriate underlayment for their flooring and that LLI is a "Bad Faith seller who knew or should have known of these defects" and failed to warn Plaintiffs. Id. at 2-3.

### II.   PRESENT MOTION (Rec. Docs. 3, 6)

LLI filed a motion to stay the proceedings pending the MDL panel's decision of whether to transfer the case, arguing that having to defend the same issues in multiple fora would cause them hardship. (Rec. Doc. 3). LLI notes that there are "at least 90 similar class actions sharing the same core allegations" and that at least 74 of them are pending in the proposed MDL 2627, including this one. Id. at 1-2. The Loehns oppose this motion, arguing that they have filed a

Motion to Remand and that they have dismissed all allegations asserting a class action in their latest filing with the Court.  (Rec. Doc. 6).

### III.  LAW AND ANALYSIS

District courts have broad discretion to stay proceedings as an incident to their power to control their own dockets.  Clinton v. Jones, 520 U.S. 681, 706 (1997).  "[J]udicial economy is undoubtedly well-served by MDL consolidation when scores of similar cases are pending in the courts."  Eldon E. Fallon et. al., Bellwether Trials in Multidistrict Litigation, 82 Tul. L. Rev. 2323, 2330 (2008).  When deciding whether to grant a stay, courts in the Eastern District generally use a balancing approach, weighing the competing interests and hardships.  Brannon v. BP Am. Prod. Co., No. H-11-4055, 2012 U.S. Dist. LEXIS 3139, at *3 (S.D. Tex. Jan. 11, 2012).

There are three factors are to be considered when determining whether to grant a stay: "(1) the judicial efficiencies in avoiding duplicative litigation; (2) the potential prejudice to a non-moving party; and (3) the hardship to the moving party if the action is not stayed."  Mathis v. Bristol-Myers Squibb, Co., No. CIV.A. 03-0308, 2003 WL 1193668, at *1 (E.D. La. Mar. 12, 2003).  For example, the court in Brannon found that granting a stay of "no more than a few months" would not greatly prejudice the plaintiffs and that allowing litigation to continue would create a "significant risk of inconsistent pretrial rulings by different courts."  2012 U.S. Dist. LEXIS 3139, at *3.  In addition, the court found that consolidating the cases would save time and expense by the judiciary and the parties.  Id. at *3-4.  See also Trahan v. BP, No. CIV.A. H-10-3198, 2010 WL 4065602, at *2 (S.D. Tex. Oct. 15, 2010) (noting that the "savings in time and expense to the judiciary and the parties will clearly be enormous if the hundreds of related cases are consolidated in a single MDL proceeding").

This Court is of the opinion that it is wise to wait for the MDL panel to decide whether the claim does fall within the proposed MDL.  Granting a short stay is unlikely to prejudice the

Loehns' case or cause them undue hardship.  In contrast, denying the stay creates the risk of inconsistent pretrial rulings which could greatly burden the Defendants.  Additionally, granting the stay is in the interest of judicial economy.

## IV.     CONCLUSION

For the aforementioned reasons, **IT IS ORDERED** that LLI's Motion to Stay Pending MDL Determination (Rec. Doc. 3) is **GRANTED** for 60 days**.**

New Orleans, Louisiana this 2nd day of June, 2015.

_____
UNITED STATES DISTRICT JUDGE