UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **THOMAS E. AND RACHEL M. LOEHN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-01088** |
| **LUMBER LIQUIDATORS, INC., AND LIBERTY MUTUAL INSURANCE COMPANY** | **SECTION "L" (5)** |

## ORDER & REASONS

Before this Court is Plaintiffs' Motion to Remand.  (Rec. Doc. 30).  Having read the parties' briefs and reviewed the applicable law, the Court now issues this Order & Reasons.

### I.   BACKGROUND

On January 5, 2015, Plaintiffs Thomas and Rachel Loehn filed an action for redhibition and damages against Defendants Lumber Liquidators, Inc. ("LLI") and Liberty Mutual Insurance Company ("Liberty Mutual") in the First Parish Court for the Parish of Jefferson, State of Louisiana.  (Rec. Doc. 1-3).  The original petition was filed solely on behalf of the Plaintiffs and did not request a specific amount of damages.  On March 4, 2015, after LLI answered, Plaintiffs moved to amend their Petition to assert, for the first time, class action allegations.  The court granted Plaintiffs' motion to amend on March 10, 2015 and Plaintiffs filed a First Supplemental and Amended Petition for Damages. (Rec. Doc. 1-3 at 26).  The Amended Petition included the following class action allegations:

> Plaintiffs, Thomas E. Loehn and Rachel M. Loehn, are plaintiff representative of a class of plaintiffs pursuant to La. CCP art. 591 et seq., such purported class being defined as follows: All persons or entities located in the State of Louisiana who sustained direct and/or consequential personal injury, fear, fright, property damage or other compensable damage arising out of Louisiana Product Liability Laws, the Louisiana Law of Redhibition and/or any other applicable law, because of the sale of an unsafe and hazardous product, as outlined infra.

(Rec. Doc. 1-3 at 26).  On April 7, 2015, LLI removed the suit to the Eastern District of Louisiana based on the Class Action Fairness Act, 28 U.S.C. §1332(d) ("CAFA"). (Rec. Doc. 1).

On June 23, 2015, following a transfer order by the Judicial Panel on Multidistrict Litigation, the matter was transferred from the Eastern District of Louisiana to the Eastern District of Virginia to be included in the National Class Multidistrict Litigation.  In the transfer order, the Judicial Panel on Multidistrict Litigation noted that "all actions involve common factual questions regarding whether LLI falsely represented that its Chinese-manufactured laminate flooring complied with California Air Resources Board standards…"  A listing of products that was to be included in the items to be considered by the Multidistrict Litigation Panel was established.  The products utilized by the Plaintiffs herein were not included in that listing, and, as such, the Plaintiffs never had any claim that was or could have been included in the MDL litigation.  Plaintiffs dismissed their class action allegations against LLI and filed a motion to remand.

Plaintiffs filed the motion to remand in the Eastern District of Virginia. On October 22, 2015, the Eastern District of Virginia denied Plaintiffs' motion to remand, finding that the matter was properly removed under CAFA.  (Rec. Doc. 31-1).  The order stated specifically that "[a]s of the date of removal from state court to the Eastern District of Louisiana, federal removal jurisdiction existed and therefore, jurisdiction in this Court continues, plaintiffs' amended claims notwithstanding."  (Rec. Doc. 31-1 at 3).  Recognizing that Plaintiffs' claims were no longer within the scope of the Multidistrict Litigation, the Eastern District of Virginia remanded the case back to this Court.  (Rec. Doc. 25).

## II.    PRESENT MOTION

Plaintiffs now contend that since the matter is not part of the Multidistrict Litigation and all allegations regarding a Class Action have been dismissed, there was never any basis for removal to federal court.  (Rec. Doc. 30-2 at 3). Plaintiffs assert that the amount in controversy is less than $20,000.00, the jurisdictional limit for the First Parish Court, and includes damages for the purchase price of the LLI flooring ($4,933.82), the cost to remove the allegedly defective flooring ($1,800), and the cost to replace the flooring ($10,480.00).  (Rec. Doc. 30-2 at 1). Accordingly, because the amount in controversy is less than the statutory threshold of $75,000 under 28 U.S.C. 1332, Plaintiffs claim this court does not have diversity jurisdiction.  (Rec. Doc. 30-2 at 4).  Plaintiffs argue that because this Court does not have subject matter jurisdiction over this matter, remand to the First Parish Court for the Parish of Jefferson is appropriate.  (Rec. Doc. 30-2 at 4).

Defendants Liberty Mutual and LLI oppose the motion and argue that federal jurisdiction was properly determined at the time the Removal was filed.  (Rec. Doc. 31 at 1).  Defendants aver that Plaintiffs cannot eliminate federal jurisdiction by amending their pleading to omit the class action claims that were the basis for removal under CAFA.  Additionally, Defendants argue that the Plaintiffs should be precluded from re-litigating the remand issue in this Court under law-of-the-case doctrine because their motion for remand has already been denied by the Eastern District for Virginia.  (Rec. Doc. 31 at 1).  In the Order denying Plaintiffs' motion to remand, the Eastern District of Virginia agreed with the Defendants' position that jurisdiction is determined at the date of removal, regardless of Plaintiffs' subsequent amendments to their claim.  (Rec. Doc. 31-1).

### III.     LAW AND ANALYSIS

Federal Courts are courts of limited jurisdiction and must have statutory power to adjudicate a claim. *Home Builders Association of Mississippi, Inc. v. City of Madison*, 143 F.3d 1006 (5th Cir. 1998). Absent jurisdiction confirmed by statute or the Constitution, Federal Courts lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Stockman v. Federal Election Commission*, 138 F.3d 144. 151 (5th Cir. 1998). Subject matter jurisdiction cannot be created by waiver or consent. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).

The Class Action Fairness Act of 2005 ("CAFA") "provides the federal district courts with 'original jurisdiction' to hear a 'class action' if the class has more than 100 members, the parties are minimally diverse, and the 'matter in controversy exceeds the sum or value of $5,000,000.'" *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1348, 185 L. Ed. 2d 439 (2013) (quoting 28 U.S.C. § 1332(d)(2), (d)(5)(B)).  As the United States Supreme Court recently explained, in removed cases, "[f]or jurisdictional purposes, [the court's] inquiry is limited to examining the case as of the time it was filed in state court[.]"*Id.* at 1349; *see also Francis v. Allstate Ins. Co.*, 709 F.3d 362, 367 (4th Cir. 2013) ("The removability of a case depends upon the state of the pleadings and the record at the time of the application for removal[.]"). In other words, "post-removal events, including amending a complaint to reduce the amount in controversy or eliminate a federal question, generally do not divest courts of jurisdiction." *Dotson v. Elite Oil Field Servs., Inc.*, 91 F. Supp. 3d 865, 873-74 (N.D.W. Va. 2015) (collecting cases). This rule reflects a "sound policy" against forum manipulation: "'If parties were able to defeat jurisdiction by way of post-removal reductions of the amount in controversy, they could unfairly manipulate judicial proceedings.'" *Id.* (quoting *Hatcher v.*

*Lowe's Home Centers, Inc.,* 718 F.Supp.2d 684, 688 (E.D.Va. 2010)). Additionally, at least two federal appellate courts have considered this issue and held that the filing of a post-removal amended complaint removing class actions allegations does not divest the district court of CAFA jurisdiction. *See In Touch Concepts, Inc. v. Cellco P'ship*, 788 F.3d 98 (2d Cir. 2015); *In re Burlington N. Santa Fe Ry. Co.*, 606 F.3d 379, 380 (7th Cir. 2010). In the present case, the basis of federal jurisdiction is CAFA, not jurisdictional amount as suggested by the Plaintiff. At the time of removal, the Plaintiff's complaint alleged class action status which made it eligible for CAFA status.

Pursuant to these authorities, the post-removal event wherein Plaintiffs dismissed their class claims does not deprive this Court of jurisdiction, which was properly established at the time of removal under CAFA.  The Supplemental and Amended Petition, which was in effect at the time of the removal, made allegations of putative class members exceeding 100, as required under 28 U.S.C. § 1332(d)(5)(b).  Plaintiffs alleged that the putative class action consisted of all individuals in Louisiana who sustained injury or damage "because of the sale of an unsafe and hazardous products (sic), as outlined infra." Given the number of sales transactions and customers of Lumber Liquidators in Louisiana, this description of claims by the plaintiffs exceeded the required 100 putative members. Further, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014).

Thus, this case was properly removed under 28 U.S.C. § 1332(d)(2)(A) because, at the time of removal, it was a putative class action in which at least one member of the class of plaintiffs was a citizen of a state different from that of the Defendants, the number of members of

the putative class of plaintiffs was more than 100, and the amount in controversy, if plaintiffs

proved their allegations, exceeded $5,000,000, exclusive of interests and costs.

**IV.      CONCLUSION**

As of the date of removal from state court to the Eastern District of Louisiana, federal

jurisdiction existed and therefore, jurisdiction in this Court continues, Plaintiffs' amended claims

notwithstanding. Accordingly, **IT IS ORDERED** that Plaintiffs' Motion to Remand (R. Doc. 30)

is **DENIED.**


New Orleans, Louisiana this 24th day of February, 2016.

_____
UNITED STATES DISTRICT JUDGE